IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARLON RAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File |
| vs. | ) No. _____ |
| | ) |
| MFINCH & WPERRY | ) |
| SOLUTIONS, INC. d.b.a MAACO | ) |
| AUTO BODY SHOP & PAINTING, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff Marlon Ray ("Plaintiff") by and through counsel, files this Complaint against Defendants MFinch & WPerry Solutions, Inc. d.b.a Maaco Auto Body Shop & Painting ("Maaco" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* by failing to pay Plaintiff proper overtime wages. Plaintiff files this Complaint against Defendant to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of his claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendant to properly calculate and pay Plaintiff overtime wages during the period May 2021 through October 2021.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

3. Plaintiff Marlon Ray is a resident of Georgia in this judicial district and division.

4. Defendant MFinch & WPerry Solutions, Inc. d.b.a Maaco Auto Body Shop & Painting is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 2826 Seneca Creek Lane, SE, Marietta, GA, 30067.

5. Defendant's registered agent for service of process is Michael H Finch, 2826 Seneca Creek Lane, SE, Marietta, GA, 30067.

6. Defendant had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

7. At all relevant times, Defendant has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce,

within the meaning of the FLSA, 29 U.S.C. § 207(a).

8. Defendant employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

9. Plaintiff was employed by Defendant as an auto painter.

10. At all times during his employment, Plaintiff was a non-exempt employee of Defendant.

11. At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e)(1).

12. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

**A. Plaintiff's Employment with Defendants.**

13. Defendant hired Plaintiff in approximately May 2021.

14. Plaintiff's employment with Defendant ended in approximately October 2021.

15. Defendant promised Plaintiff a weekly salary of $1,000.00 plus commission. Plaintiff's commissions accounted for less than one half his total earnings per pay period.

16. Plaintiff was employed as an auto painter and his job duties included, but were not limited to: sanding, masking, and preparing vehicles for paint; painting

vehicles; and finishing vehicle details after painting.

17. In performing his job duties for Defendant, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendant's operations.

18. In performing his job duties for Defendant, Plaintiff did not direct or supervise the work of any employees.

19. In performing his job duties for Defendant, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

20. In performing his job duties for Defendant, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

21. Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

**B. Plaintiff's Unpaid Overtime.**

22. Defendant paid Plaintiff a flat weekly salary regardless of the amount of hours Plaintiff worked.

23. Defendant denied Plaintiff payment of overtime wage compensation required by the FLSA for any hours worked in excess of 40 hours per workweek.

24. While Plaintiff's schedule varied, he regularly worked in excess of 40 hours per workweek.

25. Defendant willfully and/or deliberately failed to pay Plaintiff his earned overtime wages for hours worked in excess of 40 hours per workweek in violation of the FLSA.

26. Defendant maintained records of hours that Plaintiff worked.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES

27. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

28. At all relevant times, Defendant was engaged in interstate commerce and/or the production of services for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

29. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

30. At all relevant times, Defendant was an enterprise (as that term is defined in the FLSA, 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce by any person.

31.     Defendant had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

32.     At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff for all hours worked, including overtime hours, in violation of the FLSA.

33.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

34.     Plaintiff suffered damages due to Defendant's willful misconduct.

35.     Due to Defendant's FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

A.     An award of compensation for unpaid wages to Plaintiff;

B.     An award of all liquidated damages for unpaid wages to Plaintiff;

C.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D.      Such other and further relief as this Court deems just and proper.

Respectfully submitted this November 23, 2021.

**HALL & LAMPROS, LLP**

/s/ *Gordon Van Remmen*
Gordon Van Remmen
Ga. Bar # 215512
Brittany A. Barto
Ga. Bar # 501673

400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
gordon@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for Plaintiffs*

Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.