UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARLON RAY,<br><br>      Plaintiff,<br><br>    v.<br><br>MFINCH & WPERRY SOLUTIONS, INC. d.b.a. MAACO AUTO BODY SHOP & PAINTING,<br><br>      Defendant. | CIVIL ACTION NO.<br>1:21-CV-04836-JPB |

## **ORDER**

This matter comes before the Court on Marlon Ray's ("Plaintiff") Motion for Default Judgment [Doc. 6]. This Court finds as follows:

## **BACKGROUND**

Plaintiff filed this action on November 23, 2021, alleging that Mfinch & Wperry Solutions, Inc. ("Defendant") violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiff proper overtime wages. [Doc. 1, p. 1]. Plaintiff served Defendant's registered agent on December 20, 2021. [Doc. 4]. Defendant's answer was thus due January 10, 2022. Defendant failed to file an answer or other responsive pleading to the Complaint and has not otherwise appeared in the action. Plaintiff filed a Motion for Clerk's Entry of Default on

January 27, 2022, and the Clerk entered default the following day. Plaintiff filed the instant Motion for Default Judgment on April 11, 2022. [Doc. 6].

Turning to the factual allegations in the Complaint, Plaintiff asserts that he was employed by Defendant from May 2021 to October 2021 as an auto painter. [Doc. 1, p. 3]. According to Plaintiff, "Defendant paid [him] a flat weekly salary regardless of the amount of hours Plaintiff worked." Id. at 4. Specifically, Plaintiff was compensated with a weekly salary of $1,000 with commission. Id. Commissions accounted for less than half of Plaintiff's total earnings per pay period. Id. at 3. Plaintiff claims that he regularly worked over forty hours per week but that Defendant failed to pay him any overtime compensation. Id. at 4–5. Defendant maintained records of the hours that Plaintiff worked, Plaintiff alleges, yet willfully and deliberately failed to compensate Plaintiff for overtime hours. Id. at 5. Plaintiff thus seeks to recover compensation for unpaid overtime wages, liquidated damages, attorney's fees and costs, pursuant to 29 U.S.C. § 216(b). Id. at 6.

## ANALYSIS

**A.   Legal Standard**

When a defendant fails to file an answer or otherwise defend, a court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). Default judgments are

typically disfavored. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244–45 (11th Cir. 2015). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" Id. at 1245 (quoting Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). In other words, "[t]he court may grant default judgment [only] on those claims brought by [the] [p]laintiff that are legally sufficient and supported by well-pleaded allegations." Earthlink, Inc. v. Log on Am., Inc., No. 1:02-CV-1921, 2006 WL 783360, at *1 (N.D. Ga. Mar. 24, 2006); see also Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988) ("In considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint."); Functional Prods. Trading, S.A. v. JITC, LLC, No. 1:12-CV-0355, 2014 WL 3749213, at *11 (N.D. Ga. July 29, 2014) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim," and the Court must determine "whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Surtain, 789 F.3d at 1245 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Below, the Court considers first whether

Plaintiff stated a claim under the FLSA before turning to the issues of damages, costs and attorney's fees.

**B.     Liability**

The requirements for stating a claim for an FLSA overtime violation are "quite straightforward." Sec'y of Lab. v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008). A plaintiff must specifically allege that: (1) either the plaintiff or the defendant is covered by the FLSA; (2) the defendant was the plaintiff's employer; (3) the plaintiff worked in excess of forty hours per week; and (4) the defendant failed to pay overtime wages. Fresh v. Diamond Dev. & Invs. Inc., No. 1:13-cv-2657, 2016 WL 2745836, at *5 (N.D. Ga. May 11, 2016). Importantly, "[t]here is no need to prove intent or causation that might require more extensive pleading." Labbe, 319 F. App'x at 763. Moreover, "there is no requirement that [a plaintiff] explicitly state the amount of damage." Fresh, 2016 WL 2745836, at *5.

A covered employer under the FLSA is one that has "(1) employees engaged in [interstate] commerce or handling goods moved in [interstate] commerce, and (2) annual gross volume of sales or business done of at least $500,000." Id. (alterations in original) (quoting Jones v. Freedom Rain, TLC, 401 F. App'x 409, 411 (11th Cir. 2010)). Here, Plaintiff alleges that Defendant is a private employer engaged in interstate commerce with gross revenues that exceed $500,000 per year.

4

[Doc. 1, p. 2]. Plaintiff further asserts that Defendant's employees, including Plaintiff, handled, sold or otherwise worked on goods or materials that were moved or produced in interstate commerce. Id. at 5. These allegations are sufficient to show that Defendant is a covered employer under the FLSA. See Fresh, 2016 WL 2745836, at *5.

Plaintiff has also adequately alleged that Defendant was his employer. Plaintiff asserts that he was a non-exempt employee of Defendant from May 2021 to October 2021. [Doc. 1, p. 3]. Plaintiff's job duties included sanding, masking and preparing vehicles for paint; painting vehicles; and finishing vehicle details after painting. Id. at 3–4. Plaintiff alleges that he did not perform any executive or managerial functions, did not exercise any discretion or judgment in the performance of his job duties and did not supervise or direct the work of other employees. Id. at 4. These allegations show that Plaintiff was employed by Defendant and was not subject to any applicable exemption under the FLSA. See, e.g., Morgan v. Fam. Dollar Stores, Inc., 551 F.3d 1233, 1265–66 (11th Cir. 2008) (explaining that the FLSA's overtime requirements do not apply to employees who are employed in a "'bona fide executive capacity'" (quoting 29 C.F.R. § 541.100(a))).

Plaintiff must also allege facts to establish that he worked more than forty hours a week and that overtime wages were not paid. Plaintiff asserts that during his employment, "he regularly worked in excess of [forty] hours per workweek" and that "Defendant willfully and/or deliberately failed to pay Plaintiff his earned overtime wages for hours worked in excess of [forty] hours per workweek." [Doc. 1, p. 5]. Plaintiff also alleges that "Defendant had a policy and practice of failing to pay Plaintiff for all hours worked, including overtime hours, in violation of the FLSA." Id. at 6. While these allegations are not exceptionally detailed, the Court finds that a claim to relief for failure to provide overtime compensation under the FLSA does not require more. See Labbe, 319 F. App'x at 763–64 (holding that an allegation that the defendant "repeatedly violated" the FLSA by "failing to pay covered employees minimum hourly wages and to compensate employees who worked in excess of forty hours a week at the appropriate rates" was sufficient to state a claim to relief under the FLSA).

In sum, Plaintiff established that Defendant was his employer and is covered under the FLSA. Plaintiff also showed that he worked more than forty hours per week and was not paid overtime wages. Plaintiff therefore stated a claim under the FLSA.

**C.    Damages**

While the Court deems well-pleaded facts in a complaint admitted on a motion for default judgment, "'allegations relating to the amount of damages are not admitted by virtue of default; rather, the [C]ourt must determine both the amount and character of damages.'" Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1365 (N.D. Ga. 2011) (quoting Virgin Recs. Am., Inc. v. Lacey, 510 F. Supp. 2d 588, 593 n.5 (S.D. Ala. 2007)).  Under Federal Rule of Civil Procedure 55(b)(2), the Court may conduct a hearing to determine the amount of damages.  However, an evidentiary hearing under Rule 55(b)(2) "is not a *per se* requirement." SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Instead, "it is a decision that is left to the discretion of the Court." Gibson v. Kirkwood Bar & Grill, LLC, No. 1:13-CV-308, 2014 WL 632357, at *1 (N.D. Ga. Feb. 18, 2014).  Entering default judgment on the amount of damages without an evidentiary hearing is appropriate where the amount claimed is capable of mathematical calculation and "where all essential evidence is already of record." Smyth, 420 F.3d at 1232 n.13; see also Frazier, 767 F. Supp. 2d at 1365 ("District courts in the Eleventh Circuit have noted that an evidentiary hearing is not necessary where the moving party has provided supporting affidavits as to the

7

issue of damages."). For the reasons set forth below, the Court concludes that Plaintiff's damages can be ascertained without a hearing.

An employer who violates the FLSA is liable to the employee in the amount of the unpaid overtime wages and in an equal amount as liquidated damages. See 29 U.S.C. § 216(b). Recovering both unpaid overtime wages and liquidated damages is the norm, while recovering only single damages is "'the exception.'" Fresh, 2016 WL 2745836, at *6 (quoting Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 142 (2d Cir. 1999)). Plaintiff here seeks to recover his unpaid overtime wages, which he calculates as $3,545.10, as well as liquidated damages in the same amount, for a total award of $7,090.20. [Doc. 6, p. 5].

The FLSA calculates an employee's overtime wages at a rate of at least one and a half times the regular rate at which the employee is compensated. See 29 U.S.C. § 207(a)(1). One way to calculate overtime wages when "an employee is employed solely on a weekly salary basis" is to determine "the regular hourly rate of pay, on which time and a half must be paid, . . . by dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R. § 778.113(a).

Overtime pay may also be calculated under the "fluctuating workweek method," for situations in which an employee works fluctuating hours and

"receives a fixed salary that does not vary with the number of hours worked in the workweek." Id. § 778.114(a)(2).  Under this approach, an employee's actual hours worked—rather than the number of hours that the salary is intended to compensate—are used to calculate overtime pay.  See Fresh, 2016 WL 2745836 at *7 n.8.  The fluctuating workweek method requires the employee and the employer to have "a clear and mutual understanding that the fixed salary is compensation . . . for the total hours worked each workweek regardless of the number of hours." 29 C.F.R. § 778.114(a)(4).  That mutual understanding need not extend to the "specific method used to calculate overtime pay."  Id.

Plaintiff contends that "Defendant paid [him] a flat weekly salary regardless of the amount of hours Plaintiff worked." [Doc. 1, p. 4].  This allegation shows that Plaintiff's fixed salary was compensation for the total hours that he worked per week.  It thus appears that the fluctuating workweek method is appropriate for calculating Plaintiff's damages.

In support of the Motion for Default Judgment, Plaintiff submitted a declaration stating that he believes he worked fifty-five hours per week for Defendant between May 1, 2021, and October 31, 2021, and was not paid for fifteen overtime hours each week. [Doc. 6-1, p. 3].  Plaintiff's counsel also submitted a declaration explaining the calculation of Plaintiff's damages.  [Doc. 6-

9

2, pp. 2–4]. First, Plaintiff calculated his rate of pay by dividing his fixed weekly salary by the hours he actually worked: $1,000/55 hours = $18.18 per hour. Id. at 3. Plaintiff then calculated his payment rate per overtime hour as half his regular rate of pay: $18.18/2 = $9.09. Id.; see also 29 C.F.R. § 778.114(a)(5) ("Payment for overtime hours at not less than one-half [the regular] rate satisfies the overtime pay requirement because such hours have already been compensated at the straight time rate by payment of the fixed salary and non-excludable additional pay."). Plaintiff alleges that he worked fifteen uncompensated overtime hours per week for twenty-six weeks: (15 hours*$9.09)*26 weeks = $3,545.10. [Doc. 6-2, p. 3]. After analyzing the evidence presented, this Court finds that the sum of Plaintiff's unpaid overtime wages is $3,545.10.

The Court may decline to award liquidated damages if Defendant demonstrates good faith. The good faith defense requires Defendant to show "an honest intention to ascertain what [the FLSA] requires and to act in accordance with it," Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1566 (11th Cir. 1991) (quoting Brock v. Shirk, 833 F.2d 1326, 1330 (9th Cir. 1987)), as well as "reasonable grounds for believing that [its] act or omission was not a violation of the [FLSA]," id. (first alteration in original) (quoting Bratt v. County of Los Angeles, 912 F.2d 1066, 1071–72 (9th Cir. 1990)). Because Defendant has not

made any such showing, liquidated damages in the amount of $3,545.10 are appropriate. Plaintiff is therefore entitled to a total damages award of $7,090.20.

**D.    Costs and Attorney's Fees**

A prevailing party in an FLSA suit is entitled to recover attorney's fees. Walker v. Iron Sushi, LLC, 752 F. App'x 910, 913 (11th Cir. 2018); see also 29 U.S.C. § 216(b). In awarding attorney's fees, a court must determine whether a fee is considered "reasonable." Walker, 752 F. App'x at 913. To make this determination, courts calculate the "lodestar": the product of multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. Martinez v. Hernando Cnty. Sheriff's Off., 579 F. App'x 710, 713 (11th Cir. 2014). The party seeking attorney's fees bears the burden of producing sufficient evidence that the requested amount is reasonable. Id. Additionally, Local Rule 54.2(A)(2) requires the movant to "file and serve a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation." N.D. Ga. Civ. R. 54.2(A)(2).

Plaintiff seeks attorney's fees and costs in this action, and Plaintiff's counsel filed a declaration with the Motion for Default Judgment in support of this request. In the declaration, Plaintiff's counsel averred that he "reviewed all time records and confirmed that all timekeepers had exercised billing judgment and that there

were no excessive or unjustifiable time entries." [Doc. 6-2, p. 4]. Exhibit A to the declaration includes a table listing three attorneys, their respective hourly rates, hours worked and the lodestar.[1] See id. at 8. The attorneys' hourly rates appear reasonable, but Plaintiff's counsel did not provide time records or any equivalent itemization of the hours worked. Without this documentation, the Court cannot analyze the reasonableness of the compensable hours. See Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988) (explaining that "the computation of the lodestar" requires the Court to "ascertain[] reasonable hours"). While the Court cannot award attorney's fees based on the record at this time, Plaintiff's counsel may refile a motion with the requisite documentation for the Court's consideration.

## CONCLUSION

For the reasons set forth above, the Motion for Default Judgment [Doc. 6] is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** as to liability, damages and costs. It is **HEREBY ORDERED** that Plaintiff shall recover $3,545.10 in unpaid overtime wages, $3,545.10 in liquidated damages and $527.00 in costs. The Motion is **DENIED WITHOUT PREJUDICE** as to

---

[1] The table also indicates that Plaintiff seeks to recover $527.00 in costs, which represents the $402.00 filing fee and $125.00 cost of service. The Court considers these costs to be sufficiently documented.

attorney's fees.  Plaintiff shall refile a properly-supported motion for attorney's fees within fourteen days of this order.  Because the only outstanding issue in this matter is attorney's fees, the Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 26th day of October, 2022.

_____
J. P. BOULEE
United States District Judge